UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GLORIA JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:04CV1176 RWS |
| ) | |
| COMPASS GROUP NORTH AMERICAN ) | |
| DIVISION d/b/a MORRISON ) | |
| MANAGEMENT SPECIALISTS, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Compass Group North American Division's Bill of Costs. I will grant in part and deny in part Compass Group's Bill of Costs.

Compass Group prevailed in this suit by receiving a judgment in its favor. The presumption under Fed. R. Civ. P. 54 (d) is that the prevailing party is entitled to costs. Bathke v. Casey's General Stores, Inc., 64 F.3d 340, 347 (8th Cir. 1995). Under Title 28 U.S.C. § 1920 the Court may tax costs for, among other items, the following: (1) fees of the clerk and of the marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; and (4) fees for exemplification and copies of papers necessarily obtained for use in the case.

As the prevailing party in this case Compass Group is entitled to the award of its costs which qualify for reimbursement. In order to receive an award of costs, documentation for each request must be filed with the bill of costs. See Bill of Costs form Special Note.

Compass Group seeks to have the following costs taxed to the Plaintiff Gloria Johnson:

| | |
|---|---:|
| Fees of the Clerk | $ 50.00 |
| Fees and disbursements for printing | 494.00 |
| Fees for mediation | 708.75 |
| Fees of the Court Reporters | 1,601.46 |
| | $2,854.21 |

Plaintiff Johnson objects to an award of fees incurred for mediation in the amount of $708.75. Unless authorized by statute or contract, mediation fees may not be awarded as costs under 28 U.S.C. § 1920. See Brisco-Wade v. Carnahan, 297 F.3d 781, 783 (8th Cir. 2002).

Compass Group does not assert a claim for mediation costs under any statute or contract. As a result, I will deny its request for mediation fees. The remaining costs will be taxed to Johnson. Of the $2,854.21 sought by Compass Group in costs, I will deny the recovery of $708.75 and award the balance of $2,145.46.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Compass Group's Bill of Costs [#25] is granted in part and denied in part, and that the Clerk shall tax the sum of $2,145.46 against Plaintiff Gloria Johnson.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 25th day of January, 2006.